**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
ORLANDO DIVISION

Pamela Harper,

*Plaintiff*,

v.

Classica Cruise Operator Ltd. Inc.
d/b/a Margaritaville at Sea Cruise Lines,

*Defendant*. /

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Pamela Harper, hereby sues Classica Cruise Operator Ltd. Inc., for damages and alleges as follows:

**JURISDICTION, VENUE, AND JURY DEMAND**

1. Plaintiff, Pamela Harper, is a citizen of the State of Florida.

2. Defendant, Classica Cruise Operator Ltd., Inc. ("Classica"), is a foreign profit Corporation with its principal place of business in Orlando, Florida. At all times material Classica was doing continuous and systematic business in the Middle District of Florida.

3. At all times material, Classica owned, operated, managed, and/or controlled the cruise vessel *Margaritaville at Sea – Islander* ("*Islander*"), including during the September 2025 voyage at issue in this action.

4. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1333(1), as this action is a maritime tort and arises under the admiralty and maritime jurisdiction of the United States.

5. Venue is proper pursuant to both 28 U.S.C. § 1391 and the forum selection clause contained within the Defendant's cruise ticket.

6. Pursuant to Section 9(a) of Defendant's passenger ticket contract, Defendant has expressly consented to trial by jury pursuant to Federal Rule of Civil Procedure 39(c) for matters proceeding under the Court's admiralty jurisdiction. Plaintiff hereby demands trial by jury.

**FACTS COMMON TO ALL COUNTS**

7. At all times material, Classica owned, operated, managed, maintained, and/or controlled the *Islander*, a cruise vessel engaged in the business of transporting fare-paying passengers.

8. At all times material, including September 22, 2025, Plaintiff Harper was a fare-paying passenger aboard the *Islander*.

9. On the morning of September 22, 2025, at approximately 10:45 a.m. ship's time, Plaintiff Harper was walking through the Islander Dining Room on Deck 3 after breakfast. As Plaintiff walked across the tiled dining-room floor, her feet contacted and adhered to a sticky or tacky foreign substance on the walking surface, abruptly interfering with her gait and causing her to pitch forward and fall onto her right shoulder and upper arm.

10. The foreign substance on the tiled floor created an unreasonably dangerous condition for passengers walking through the dining room. No warning sign, cone, barrier, caution tape, verbal warning, or other notice alerted Plaintiff to the condition before she encountered it.

11. Plaintiff had no prior knowledge of the foreign substance and no reason to anticipate that a sticky or tacky substance was present on the tiled walking surface before her feet contacted it. The tile was also in a colored pattern that made any substance on the floor difficult for someone to see who was not actively inspecting for hazards and not otherwise aware of a potential hazard.

12. At or before the time of Plaintiff's fall, Classica was conducting brunch service in the Islander Dining Room, including operating a mimosa and beverage-service station immediately adjacent to the passenger walking area where Plaintiff fell. The station had been operating for approximately one hour before Plaintiff's fall, during which Classica crew members continuously prepared, distributed, and served beverages to passengers in and around the subject area.

13. Upon information and belief, one or more of the Classica crew members working in the immediate vicinity knew of, observed, encountered, or otherwise became aware of the foreign substance before Plaintiff's fall, yet failed to warn Plaintiff, restrict access to the area, or cause the condition to be cleaned or otherwise made safe.

14. Classica also had constructive notice of the dangerous condition because, upon information and belief, the foreign substance was present for a sufficient period of time before Plaintiff's fall that a reasonable inspection of the dining-room walking surface would have identified the condition in time to warn passengers or remedy it. This is because the substance was present on the tile long enough for it to become so sticky or tacky that it stopped plaintiff’s foot in its track.

15. In addition to the beverage-service personnel working in the immediate area, Classica assigned crew members responsibility for inspecting, monitoring, cleaning, and maintaining the Islander Dining Room and its passenger walking surfaces during active meal service. Plaintiff does not presently know the names, specific job titles, crew identification numbers, or precise assigned duties of those crew members because that information is within Classica’s possession, custody, and control. Upon information and belief, those crew members

included dining-room and/or beverage-service personnel assigned to work in and around the area where Plaintiff fell.

16. It was reasonably foreseeable that failing to routinely inspect a high traffic area where food is carried throughout could allow a foreign substance to remain on a tiled walking surface in a dining room through which passengers were expected to walk long enough for it to become died and sticky/tacky. Such a condition would be foreseeably dangerous to passengers walking through the area by creating a risk of falling and bodily injury for any passenger to unknowingly walk on the sticky substance.

17. Classica and its crew members were in a superior position to discover, warn of, restrict access to, and remedy the dangerous condition because Classica controlled the dining room, the crew assignments, the inspection and cleaning of its walking surfaces, and the service operations occurring in the immediate area. An hour prior to the plaintiff's fall, Classica's crew had set up a "mimosa station" in the immediate vicinity of the plaintiff's fall and the location of the sticky/tacky substance. These crew members were passing out drinks to passengers in flute style glasses at this mimosa station. The crew in this location was working immediately near the location of Plaintiff's fall. They should have been watching for passenger spills of the drinks they were serving, and also were close enough that they would have been able to see and appreciate a dangerous condition on the floor had they made a reasonable inspection for the same during the hour they were working in the area.

18. As a direct and proximate result of the incident described herein, Plaintiff Harper sustained bodily injuries, including injuries to her right shoulder and upper extremity, has required and will continue to require medical treatment, and has suffered and will continue to suffer physical pain, mental anguish, physical impairment, disability, and loss of enjoyment of life.

**COUNT I – NEGLIGENT FAILURE TO WARN**

Plaintiff repeats and realleges paragraphs 1 through 18 as fully incorporated herein. Plaintiff further alleges:

19. At all times material, Classica, as the operator of the *Islander*, owed Plaintiff Harper, as a fare-paying passenger aboard its vessel, a duty to exercise reasonable care under the circumstances. This includes the duty to warn passengers of dangerous conditions of which Classica knew or should have known.

20. Classica's duty of reasonable care included the duty to warn passengers of dangerous or hazardous conditions that were known to Classica or that Classica knew or should have known about through the exercise of reasonable care. This included warning passengers of foreign substances on passenger walking surfaces, and to provide reasonable warnings, barriers, or other protective measures until such conditions were remedied.

21. At all times material, Classica had actual and/or constructive notice of the dangerous foreign substance, as alleged in paragraphs 12 through 17 above, because its crew members were working in the immediate vicinity of the condition and should have discovered the substance on reasonably frequent inspection as the condition existed long enough that it had time to dry and become sticky/tacky enough to stop a shoe in its track and cause a fall.

22. Classica breached its duty to warn Plaintiff in one or more of the following ways:

a. Failing to warn Plaintiff of the sticky or tacky foreign substance on the tiled floor before she encountered it;

b. Failing to place an adequate warning sign, cone, barrier, placard, caution tape, or other warning at or near the dangerous condition;

c. Failing to verbally warn Plaintiff or redirect her away from the affected walking surface despite crew members working in the immediate vicinity;

d. Failing to restrict passenger access to the affected area until the foreign substance had been removed and the walking surface rendered reasonably safe; and

e. Failing to communicate or report the dangerous condition so that passengers could be warned and protected until the condition was remedied.

23. The dangerous condition was not open, obvious, or apparent to Plaintiff before she encountered it. The foreign substance was located on the floor-level walking surface, and Plaintiff had no warning or other reasonable opportunity to identify and avoid it before her feet contacted and adhered to the substance. Plaintiff was watching where she was walking in a high traffic area, which includes watching out for other passengers also walking in the area and not staring down directly at the floor while walking.

24. It was reasonably foreseeable to Classica that a passenger walking through the Islander Dining Room could fall and sustain injury if a sticky or tacky foreign substance was allowed to remain on the tiled walking surface without adequate warning.

25. Classica's failure to warn Plaintiff was a direct and proximate cause of her fall because, had Plaintiff been adequately warned before encountering the condition, she would have avoided the affected area, waited until the condition was corrected, or otherwise taken precautions to avoid the hazard.

26. As a direct and proximate result Defendant Classica's negligent failure to provide adequate warning, Plaintiff Harper has suffered and continues to suffer bodily injuries, including severe and life-changing injuries to her right shoulder and arm, causing medical expenses, pain and suffering, disability, disfigurement, mental anguish, and loss of capacity for the enjoyment of

life. The losses are permanent and/or continuing and Plaintiff Harper will suffer the losses in the future. Plaintiff also lost the value of the cruise and incurred other incidental expenses.

WHEREFORE, Plaintiff Pamela Harper prays for judgment to be entered against the defendant, Classica Cruise Operator Ltd. Inc., for compensatory damages, together with prejudgment interest, post judgment interest, taxable costs, and such other relief as the Court deems proper. Plaintiff demands a trial by jury.

**COUNT II – GENERAL NEGLIGENCE**

Plaintiff repeats and realleges paragraphs 1 through 18 as fully incorporated herein. Plaintiff further alleges:

27. This count is brought against Classica for its own direct negligence. As the operator of the *Islander*, Classica owed Plaintiff Harper, a fare-paying passenger, a duty to exercise reasonable care under the circumstances for her safety and well-being.

28. Classica's duty of reasonable care included, without limitation, the duty to maintain the vessel's public areas, including the Islander Dining Room and its walking surfaces, in a reasonably safe condition; to reasonably inspect those areas for hazardous conditions; to establish and enforce reasonable procedures for identifying and addressing foreign substances in passenger areas; and to remedy dangerous conditions within a reasonable time.

29. Defendant breached its duty in one or more of the following ways:

a. Failing to reasonably inspect the tiled walking surface of the Islander Dining Room for foreign substances and other hazardous conditions;

b. Failing to maintain the Islander Dining Room walking surface in a reasonably safe condition free from sticky, tacky, or other foreign substances capable of interfering with passenger footing and gait;

c. Failing to detect, identify, clean, remove, or otherwise remedy the foreign substance within a reasonable time (before it existed on the floor long enough to dry and become sticky/tacky);

d. Failing to establish, implement, and enforce reasonable inspection, cleaning, and spill-response procedures for passenger dining areas during active service;

e. Failing to reasonably supervise or coordinate dining-room and beverage-service operations so that foreign substances on passenger walking surfaces were promptly identified, reported, and remediated;

f. Failing to restrict access to the affected area until the dangerous condition had been removed or otherwise rendered reasonably safe; and

g. Failing to act with reasonable care under the circumstances.

30. As further alleged above, Classica had actual and/or constructive notice of the dangerous condition before Plaintiff's fall. Classica crew members were working in the immediate vicinity of the subject area, and the condition existed for a sufficient period of time that reasonable inspection and supervision would have identified it before Plaintiff encountered it.

31. The dangerous condition that caused Plaintiff's fall was not open and obvious to Plaintiff before she encountered it. Plaintiff had no warning of the foreign substance and no reasonable opportunity to appreciate the hazard before her feet contacted and adhered to it. Plaintiff was watching where she was walking at the time of the incident and did not see the substance.

32. Had Classica exercised reasonable care under the circumstances by reasonably inspecting and maintaining the dining-room walking surface, identifying and removing the foreign substance, restricting access to the affected area, or otherwise making the area reasonably safe,

Plaintiff would not have fallen and would not have sustained the injuries and damages described herein.

33. As a direct and proximate result of Defendant's negligence Plaintiff Harper has suffered and continues to suffer bodily injuries, including severe and life-changing injuries to her right shoulder and arm, causing medical expenses, pain and suffering, disability, disfigurement, mental anguish, and loss of capacity for the enjoyment of life. The losses are permanent and/or continuing and Plaintiff Harper will suffer the losses in the future. Plaintiff also lost the value of the cruise and incurred other incidental expenses.

WHEREFORE, Plaintiff Pamela Harper prays for judgment to be entered against the defendant, Classica Cruise Operator Ltd. Inc., for compensatory damages, together with prejudgment interest, post judgment interest, taxable costs, and such other relief as the Court deems proper. Plaintiff demands a trial by jury.

**COUNT III – VICARIOUS LIABILITY FOR NEGLIGENT FAILURE TO WARN**

Plaintiff hereby repeats and realleges paragraphs 1 through 18 as fully incorporated herein. Plaintiff further alleges:

34. This count is brought against Classica for vicarious liability for the active negligence of one or more of its crew members working in the immediate vicinity of the subject area in failing to warn Plaintiff of the dangerous foreign substance on the Islander Dining Room walking surface.

35. At all times material, the dining-room and/or beverage-service crew members working in the immediate vicinity of the subject area were employees and/or agents of Classica acting within the course and scope of their employment and in furtherance of Classica's business.

Classica is therefore vicariously liable for their negligent acts and omissions under the doctrine of respondeat superior.

36. Classica's crew members owed Plaintiff a duty to exercise reasonable care under the circumstances, including the duty to warn Plaintiff of a dangerous condition that they knew or reasonably should have known Plaintiff was about to encounter while they were performing their assigned work in the immediate area.

37. Classica's crew breached their duty in the following ways:

a. Failing to warn Plaintiff of the sticky or tacky foreign substance on the tiled walking surface despite working in the immediate vicinity;

b. Failing to verbally alert Plaintiff to the dangerous condition before she walked into the affected area;

c. Failing to place or cause to be placed an adequate warning sign, cone, barrier, or other warning at or near the affected area;

d. Failing to stop, redirect, or restrict Plaintiff from traversing the affected walking surface until it had been made reasonably safe; and

e. Failing to report or communicate the dangerous condition so that Plaintiff and other passengers could be warned and protected.

38. Classica is vicariously liable for the active negligence of its crew for their failure to properly inspect the subject area and ensure it was safe for passenger use. There were crewmembers working in the immediate vicinity operating a "mimosa station" beginning an hour before and up through the incident. Therefore, the crewmembers working in the area knew or should have known of the incident, as they were close enough to see the substance on reasonable

inspection, and should have been making inspections for spills in the area given that they were actively passing out beverages in flute style glasses for an hour before Plaintiff's fall.

39. Notice is not required for employee negligent acts. A passenger is not required to establish that a shipowner had actual or constructive notice of a risk-creating condition to hold a shipowner liable for the negligent acts of its employees. *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1170 (11th Cir. 2021). The negligent acts from the Classica crew assigned to inspect, monitor, oversee, and provide beverage service operations in the Islander Dining Room caused injury to Plaintiff.

40. Classica is vicariously liable for the negligent actions and omissions of its crewmembers on its ships within the scope of their employment.

41. The crew members' negligent failure to warn was a direct and proximate cause of Plaintiff's fall because, had Plaintiff been warned before encountering the foreign substance, she would have avoided the affected area, waited until it was made safe, or otherwise taken precautions to avoid the hazard.

42. As a direct and proximate result of the Classica's crewmembers' negligent failure to warn of the dangerous condition, Plaintiff Harper suffered injuries to her right shoulder and arm, together with permanent disfigurement and scarring, and as a result has experienced and will continue to experience physical pain and suffering, mental anguish, disability, disfigurement, loss of capacity for enjoyment of life, and has incurred and will continue to incur expenses for necessary medical care and treatment, some or all of which injuries and losses are permanent in nature. Plaintiff also lost the value of the cruise and incurred other incidental expenses.

WHEREFORE, Plaintiff Pamela Harper prays for judgment to be entered against the defendant, Classica Cruise Operator Ltd. Inc., for compensatory damages, together with

prejudgment interest, post judgment interest, taxable costs, and such other relief as the Court deems proper. Plaintiff demands a trial by jury.

**COUNT IV – VICARIOUS LIABILITY FOR NEGLIGENCE**

Plaintiff repeats and realleges paragraphs 1 through 18 as fully incorporated herein. Plaintiff further alleges:

43. This count is brought against Classica for vicarious liability for the active negligence of one or more of its crew members working in the Islander Dining Room in failing to exercise reasonable care with respect to a dangerous foreign substance present in the immediate area where they were performing dining-room and beverage-service duties.

44. At all times material, the dining-room and/or beverage-service crew members working in the immediate vicinity were employees and/or agents of Classica acting within the course and scope of their employment and in furtherance of Classica's business. Classica is therefore vicariously liable for their negligent acts and omissions under the doctrine of respondeat superior.

45. Classica's crew members owed Plaintiff a duty to exercise reasonable care under the circumstances. Because those crew members were actively working and providing service in the immediate passenger area, reasonable care included maintaining a reasonable lookout for dangerous conditions in their work area and taking reasonable action to protect passengers when they encountered or became aware of a foreign substance on a passenger walking surface.

46. Upon information and belief, one or more of the crew members working in the immediate vicinity had the opportunity to observe, report, address, or protect passengers from the foreign substance before Plaintiff encountered it

47. Notice is not required for employee negligent acts. A passenger is not required to establish that a shipowner had actual or constructive notice of a risk-creating condition to hold a shipowner liable for the negligent acts of its employees. *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1170 (11th Cir. 2021). The negligent acts from the Classica crew assigned to maintain, inspect, monitor, oversee operations and/or perform duties in the Islander Dining Room caused injury to Plaintiff.

48. Classica's crew breached their duty to maintain the subject staircase and verify it was in a safe condition for use in the following ways:

a. Failing to make reasonable inspections for dangerous foreign substances on the passenger walking surface in the immediate area where they were working;

b. Failing to identify or respond to the sticky or tacky foreign substance before Plaintiff encountered it;

c. Failing to watch for passengers spilling drinks in the area as they were actively passing out beverages in flute-style glasses from the "mimosa station;"

d. Failing to clean, remove, or cause the foreign substance to be removed from the tiled walking surface;

e. Failing to protect, guard, block, or otherwise secure the affected area while the dangerous condition remained;

f. Failing to report or communicate the dangerous condition to other crew members or supervisors so that corrective measures could be taken;

g. Failing to take reasonable safety precautions to prevent Plaintiff from encountering the dangerous condition while they were working in the immediate area; and

h. Otherwise failing to use reasonable care in the performance of their duties.

49. The crew members' negligent acts and omissions were a direct and proximate cause of Plaintiff's fall because, had the crew members exercised reasonable care by identifying, reporting, removing, guarding, or otherwise addressing the foreign substance, Plaintiff would not have encountered the condition and fallen.

50. Classica is vicariously liable for the actions and omissions of its crewmembers on its ships within the scope of their employment. The principal of vicarious liability applies to the negligent actions of the Classica crewmembers who were responsible for maintaining the subject staircase in a safe condition prior to the plaintiff's injury and the crewmembers actively working in the Islander Dining Room where Plaintiff was injured.

51. As a direct and proximate result of the Defendant's crewmembers' negligent failure to act with reasonable care under the circumstances, Plaintiff Harper suffered injuries to her right shoulder and arm, together with permanent disfigurement and scarring, and as a result has experienced and will continue to experience physical pain and suffering, mental anguish, disability, disfigurement, loss of capacity for enjoyment of life, and has incurred and will continue to incur expenses for necessary medical care and treatment, some or all of which injuries and losses are permanent in nature. Plaintiff also lost the value of the cruise and incurred other incidental expenses.

WHEREFORE, Plaintiff Pamela Harper prays for judgment to be entered against the defendant, Classica Cruise Operator Ltd. Inc., for compensatory damages, together with prejudgment interest, post judgment interest, taxable costs, and such other relief as the Court deems proper. Plaintiff demands a trial by jury.

*<u>/s/ William W. Munch</u>*
JACOB J. MUNCH
E-mail: jake@munchandmunch.com
Florida Bar Number 376523

CATHERINE M. SAYLOR
E-mail: casey@munchandmunch.com
Florida Bar Number 115593
WILLIAM W. MUNCH
E-mail: william@munchandmunch.com
Florida Bar Number 1065075
MUNCH and MUNCH, P.A.
600 South Magnolia Avenue – Suite 325
Tampa, Florida 33606
Ph: (813) 254-1557 / Fax: (813) 254-5172
*Attorneys for Plaintiff Harper*